FILED



JUL 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT TEUTSCHER, an individual,<br><br>             Plaintiff-counter-defendant - Appellant,<br><br>  v.<br><br>RIVERSIDE SHERIFFS ASSOCIATION; RIVERSIDE SHERIFFS ASSOCIATION LEGAL DEFENSE TRUST; JAMES L. CUNNINGHAM, individually and as an Agent of the Riverside Sheriffs Association/Riverside Sheriffs Association Legal Defense Trust,<br><br>             Defendants-counter-claimants - Appellees,<br><br>  and<br><br>TANYA CONRAD, individually and as an Agent of the Riverside Sheriffs Association,<br><br>             Defendant - Appellee. | No. 10-56827<br><br>D.C. No. 5:06-cv-01208-RHW-OP<br>Central District of California, Riverside<br><br><br>ORDER |

Before: B. FLETCHER, KLEINFELD, and M. SMITH, Circuit Judges.

Appellee Riverside Sheriffs' Association Legal Defense Trust's Petition for

Rehearing filed on June 29, 2012 is granted, without further oral argument.

The memorandum disposition filed on June 25, 2012 is replaced.  We file an amended memorandum disposition concurrently with this order.

No further petitions shall be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SCOTT TEUTSCHER, an individual, | No. 10-56827 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 5:06-cv-01208-RHW-OP |
| v. | AMENDED MEMORANDUM[*] |
| RIVERSIDE SHERIFFS ASSOCIATION; RIVERSIDE SHERIFFS ASSOCIATION LEGAL DEFENSE TRUST; JAMES L. CUNNINGHAM, individually and as an Agent of the Riverside Sheriffs Association/Riverside Sheriffs Association Legal Defense Trust, | |
| Defendants-counter-claimants - Appellees, | |
| and | |
| TANYA CONRAD, individually and as an Agent of the Riverside Sheriffs Association, | |
| Defendant - Appellee. | |

Appeal from the United States District Court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted April 10, 2012
Pasadena, California

Before: B. FLETCHER, KLEINFELD, and M. SMITH, Circuit Judges.

Plaintiff-Appellant Scott Teutscher (Teutscher) appeals from the district court's order granting summary judgment to the defendants. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

We reverse the district court's grant of summary judgment on Teutscher's retaliation claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* To survive summary judgment at the pretext stage, a plaintiff "must produce sufficient evidence to raise a genuine issue of material fact as to whether the employer's proffered nondiscriminatory reason is merely a pretext for discrimination." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). "The plaintiff can prove pretext (1) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Raad*

2

*v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th Cir. 2003)

(internal quotation marks and citation omitted). "All of the evidence—whether

direct or indirect—is to be considered cumulatively." *Id.* The amount of evidence

required to avoid summary judgment is "minimal." *Nicholson v. Hyannis Air

Serv., Inc.*, 580 F.3d 1116, 1127 (9th Cir. 2009). "We have held that very little

evidence is necessary to raise a genuine issue of fact regarding an employer's

motive; any indication of discriminatory motive may suffice to raise a question that

can only be resolved by a fact-finder." *Id.* (citation omitted).

Here, Teutscher offers sufficient admissible evidence to raise a genuine issue

of material fact as to pretext. In particular, Teutscher's evidence that he was told

by Pat McNamara (McNamara) and James Cunningham (Cunningham) that Tanya

Conrad (Conrad) recanted her accusations about Teutscher's alleged misconduct is

substantial evidence that Conrad's accusations were not the true reason for

Teutscher's termination. Although this evidence contains hearsay within hearsay,

it is admissible under Federal Rules of Evidence 801(d)(2)(D) and 805. *See* Fed.

R. Evid. 801(d)(2)(D); Fed. R. Evid. 805; *Palmer v. Pioneer Inn Assocs., Ltd.*, 338

F.3d 981, 984-85 (9th Cir. 2003); *Lambert v. Ackerley*, 180 F.3d 997, 1008 & n.12

(9th Cir. 1999) (en banc). Other evidence also suggests pretext, such as

Cunningham's statement to Teutscher that "[w]e question your loyalty to Pat [McNamara] in the Winchell case" and the timing of Teutscher's termination.

Because Teutscher raises a genuine issue of material fact as to pretext, we conclude that the district court erred in granting the defendants summary judgment on Teutscher's ERISA retaliation claim. For the same reason, we reverse the district court's grant of summary judgment on Teutscher's California state law claims other than for defamation.

The district court did not err in granting summary judgment to the defendants on Teutscher's defamation claim because Teutscher did not produce sufficient evidence to raise a genuine issue of fact as to malice. *See* Cal. Civ. Code § 47(c); *Noel v. River Hills Wilsons, Inc.*, 7 Cal. Rptr. 3d 216, 221-22 (Ct. App. 2003).

The district court did not err in granting summary judgment to Riverside Sheriffs' Association Legal Defense Trust (LDT) because Teutscher presented no evidence that LDT had any role in the decision to fire him or had significant control over his daily activities.

In light of our conclusions, we need not reach the remaining issues raised by the parties. For the foregoing reasons, we affirm in part and reverse in part. We

4

deny Teutscher's request that the case on remand be assigned to a different district judge. *See United States v. Lyons*, 472 F.3d 1055, 1071 (9th Cir. 2007).

The case is hereby remanded to the district court for trial against Riverside Sheriffs' Association and Cunningham on Teutscher's ERISA retaliation claim and California state law claims other than for defamation. Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

5